18-12-63 Ms. Shenton. Good morning, your honors, and may it please the court that I am here to represent. My name is Kathleen Shenton and I represent the appellate Mr. John Cabral. In Hall, this court upheld the challenge condition because the district court's oral statement identified the relevant risks and provided the necessary guidance to probation. The statements in this case do the opposite and they compel the opposite result. For those reasons, the condition must be vacated. As in Hall, we start by looking at the record. And in this case, the district court refused to identify or count on the risk in any way and in fact said, I can't say what the risk is now. He rejected the guidance that this court approved in Hall, making it clear that the risk notification provision could apply to risks that were not related to Mr. Cabral's offense conduct or his criminal history. And he in fact suggested that the probation office might be better positioned to identify that risk in the first instance. Let me interrupt you. Before we get to the merits, I'd like to deal with our power to decide the case and look at whether this condition is right. And I want you to focus on our case dealing with the polygraph testing. And in that case, we said because it's not going to happen until later and whether it happens is dependent on a third party. It's not right at this stage. Why is this condition right when it's going to depend later on a determination by a probation or parole officer? Your Honor, I disagree with your characterization of the condition as contingent. Unlike the plethysmograph testing, which would apply only if subsequent... We're talking about the polygraph test, not the plethysmograph. Polygraph. You know, I'm not sure I remember that name, but just going back to the ripeness question here... It's Ford, I believe. Okay, go ahead and deal with it without the context of the case. Sure. I do remember Ford, but not this particular question. With respect to the ripeness question, this is a totally ordinary appeal of the type this court addresses all the time. For example, this court addressed the exact or very similar condition in Hall, demonstrating that this condition is the kind of condition this court considers to be right. And there isn't a contingency. This condition will apply to Mr. Cabral as soon as he is released. It's not subject to an intervening third party saying, you know, if I decide this condition applies, I will comply. The condition applies to him as soon as he is released. Well, the condition applies in general, but he doesn't have to report, he doesn't have to notify anyone unless his probation or parole officer identifies a risk and tells him to, right? That's right. So there's no notice problem to Mr. Cabral. However, the problem of the probation officer lacking sufficient guidance, that would be present from the moment he is released. But that's on the merits. I'm talking ripeness right now. Of course. But the burden to Mr. Cabral is a question of ripeness. In addition, what I would say is there's really no factual development that's necessary here. Regardless of what happens in the future, the condition is vague and it is an over-delegation to the probation office. And I would draw the court's attention to the Third Circuit's analysis in Loy and then this court's application of analysis in the 2001 case, U.S. v. White. And again, when we talk about prudential ripeness, we also look to the hardship to the parties and any delay in this case would be a hardship to Mr. Cabral. First, there's a possibility that delay would result in this claim being time barred. How can it be time barred if he's already raised it? Your Honor, that's a prospect that's been raised by this court, for example, in Wayne. And again, I want to emphasize that if this were to arise, for example, a modification or revocation, if it arises in the modification context, Mr. Cabral would have no right to counsel. And whether it arises in the modification context or in the revocation context, our position is that Mr. Cabral shouldn't have to be adverse to his probation officer in order to understand what conditions he is bound by. If that's sufficient, Your Honor, I'll return to the merits question. Okay. You know, just to go back to the vagueness question, on this record, there's no way for Mr. Cabral or his probation officer to know what risks the condition applies to. And the probation officer... Why not? Oh, you go ahead. No, you. It's your turn. Well, why wouldn't he know? Because in this case, he only has to disclose the risk to whoever the probation officer determines is entitled to disclosure. Yes, so from the moment that he receives the notice, he will know that he is obligated to disclose the risk. However, you know, setting aside Mr. Cabral, there still isn't sufficient guidance to the probation officer. Well, that's a different issue. Okay. You know, you raised two arguments. But on the vagueness, how do you get around the fact that it's really not vague of who he has to identify the potential risk to because that's going to be clear once the probation officer determines it. That's what this court held in Holland. You know, we can set aside that question. But in order to satisfy vagueness, it has to be clear both with respect to Mr. Cabral and with respect to the probation officer. The vagueness document is concerned both with whether the parties who are subject to the condition have the notice they need to conduct themselves and with whether there's sufficient guidance for the people applying the condition to apply it in an objective and principled manner. And that guidance simply isn't here in this case. So you're saying that it would be arbitrary in how it's enforced? Yes, Your Honor. Okay. So that's a separate issue under vagueness and notice. Yes. Okay. So arbitrary enforcement, wasn't it arbitrary in Hall, too, when we affirmed it? No, Your Honor, because in Hall, this court, the district court, unlike this court, provided examples of the kinds of risks that the condition was intended to cover. And this court found that it wasn't arbitrary because of that guidance. Specifically, the district court said that the risks were the kinds of risks associated with the defendant's criminal history. So as an example, the district court said, you know, you have a history of robbing banks. If you apply to a job to clean a bank, that's something that the probation officer might want you to notify your employer of. In this case, there's no such guidance. And, in fact, the district court refused to provide such guidance and said, essentially, it would be up to the probation officer to decide what the term meant when Mr. Cabral was released. Which leads to the second problem with the condition, and that is that it represents an unlawful delegation of judicial authority. You know, deciding what the central term of a condition means is emphatically the role of the judiciary. Deciding what risk means in the risk notification provision is not a merely ministerial or support task that's appropriate for probation. And the delegation of that authority to Mr. Cabral's future probation officer was unlawful under Article III. What's your response to your adversary's argument that the district judge did cabin the discretion of the probation officer because he cabined the discretion to those risks that were not necessary to protect the public? I have two responses to that, Your Honor. First, the mere fact that the condition is as further as one of the statutory goals of sentencing doesn't satisfy the vagueness of delegation prongs. Those are separate requirements. And second, what I would say is, even if you accept that this is something that's done to further public safety, that still leaves the term risk to be very broad. Especially here, we don't know what kinds of risks to public safety we're talking about, only that it's not confined to anything in Mr. Cabral's past. Do we have to tie the improper or unconstitutional delegation argument to a protected liberty interest? That's not necessary in this case. However, in this case, the condition, or that's not necessary in general, but in this case, the condition does affect a number of protected liberty interests. Such as? As the district court acknowledged, this is a condition that potentially affects Mr. Cabral's girlfriend, his family. What's the liberty interest with girlfriends? Girlfriends, it touches on the right to intimate association and the right to form a family and to raise children. How so? I mean, I thought the notice here was that he posed a risk to someone. And if that includes a girlfriend, I suppose the girlfriend would want to know about it. But if she doesn't pose a risk, how is she affected? Your Honor, what the term risk means is really up for debate here. I mean, reasonable people could disagree about what risk means and who Mr. Cabral might pose a risk to in the future. There may be circumstances in which it would be appropriate to order Mr. Cabral to make a disclosure to a girlfriend or wife or intimate partner. You would have it that the court could not in any way issue an order, a probation order, that protected the public in case a risk did develop. Because if a risk did develop and there was no order, then the probation officer would be powerless to notify the people that were at risk. Again, I have two responses. It seems to me that that's a strange request that you're asking us to make. So first, if the judge wants the probation office to notify a future girlfriend or wife of a particular risk, the judge may do that. However, if the judge wants to issue an order that potentially interferes with those rights, that requires a balancing task and an inquiry that just simply isn't present on this record. Second, if there is a risk that arises in the future, the district court makes up a totally hypothetical, not real situation where Mr. Cabral is found to have committed a rape in the future, then the probation officer isn't powerless. That's a situation in which modification is appropriate. Probation officers, in fact, modify the conditions of supervised release all the time, frequently to add conditions. If the officers have that kind of broad power, this seems to me to be surplusage. Your Honor, this condition will apply to Mr. Cabral in the future, regardless of whether he will be forced to comply with it. He may or may not choose to modify or seek modification in the future. He may or may not have a supervised release revoked. If there's a revocation procedure, he's obviously harmed. Even if he complies with an overbroad condition that is improperly being defined by a probation officer, he's still being harmed. This is his opportunity to have that harm addressed and corrected by the court. Let me ask you, this is standard condition. It's a standard condition, right? Yes. Condition 12. It's being used all over the country in sentencing. Other than the Second Circuit in the United States v. Bowles, are you aware of any court that struck it down as unconstitutionally vague or an unconstitutional delegation? The Ninth Circuit and the Seventh Circuit have both struck down the prior version of this condition, which we don't view this as substantially less vague. And again, in this case, even if the condition alone were not vague, the district court's statements in which he says it can mean anything, and that it's up to the probation officer to decide what it means, render it vague. What do we rely on when we're looking at sentencing, the written or the oral statements of the district court? This court relies on the oral statement, which controls everything. If there are no further questions, ma'am, I'd like to reserve my time. Reserved. Thank you. Thank you. Please, the court. Carl Schacht, representing the United States. I'd like to start with the United States v. Ford and the ripeness issue. In that case, the court said that when a condition of supervised release is, by its own terms, contingent on the decision of a third party, that condition is not right for immediate review. And that's the exact situation we have here. The very application of this condition is contingent on actually two decisions by the probation officer.  And then, second of all, that the probation officer is going to require the defendant to notify a third party of that risk. Well, then in the – I'm sorry. Go ahead. Just to finish one point on that, in the probation officer's response to the PSR objections, the probation office made very clear that neither of those things might ever happen. It said, first of all, in many cases there is no identified risk. And then it said, even when there is an identified risk, we can sometimes address it in other ways other than third party disclosures, such as by adjusting supervision terms. In Ford, though, didn't – in terms of the fitness for review, for prudential rightness, didn't Chief Judge Dimock-Mitch ultimately hold that the issue was prudentially right? Because if we deferred review of the supervised release condition until later, the defendant would – some of the reasons Mr. Chan already identified, that he would have no right to counsel, that he may not have time. The probation officer may say that you have to identify X, and he might say, acting pro se, that he might move for modification, and the court may not hear it in time. So doesn't Ford seem to say it is prudentially right? So in Ford, there were essentially two rightness analyses, and I think that they clearly delineate the distinction that this court draws between what is right and what is not. And what the court says – So what is your position? Is this right or not? My view is this is not right. And the reason is, is because when you have a situation where there is an obligation in place, and the only contingency is whether the defendant is going to violate it and whether it's going to be enforced, in those cases, it is right. The fact that there hasn't yet been enforcement doesn't prevent it from being right. But the second half of the Ford analysis, when it got to the polygraph testing, is where the very – where the existence of an obligation is itself contingent on a decision by a third party. And in that situation, where we don't even have an obligation, then it's not right. So for example, this defendant, when he is released from prison, there are certain things that he will be immediately required to do. Those things are right, and he could be challenging those illness appeals. This particular condition, when he gets out of prison, he won't be required to do anything. Until notified. Until the probation officer requires him to notify someone. And so that's what makes it right. How do you square Ford with Hull? I mean, we got to the merits in Hull, and it's the same condition. I think that, frankly, the rightness issue probably was not raised in Hull and was not considered by the court. I think that it could have been considered unright in Hull. I think to the question of, well, we decided in Hull, shouldn't we decide it here? I don't think that that necessarily, that that conclusion follows. Because I think that, certainly, if Hull controls this case, well, then it's easy, and the court could just say, Hull controls, and we decide this case. But the whole argument from the defendant is this is a different context, and that different context presents these contingencies. I also think that Hull itself created, in some ways, a second layer of contingency. Because even if the defendant is required to notify somebody of a risk, well, if it's a risk related to the defendant's criminal history, that falls squarely within what Hull said is permissible. And so, really, we have not only that there's a required notification of a risk, but that that risk is unrelated to the defendant's criminal history. That's necessary to take it beyond Hull. Isn't it true, as your opponent indicates, that he's in a much worse position to challenge the condition if we don't hear it now? He's not going to have counsel after he's released, right, on post-conviction. You know, I guess there's some argument that it could be argued that it was waived. I find that hard to believe if he raises it and then we say it's not right. But I guess that's a risk. How do you respond to that? So, I agree with you on the second point. I think the government would be in a tough position to try to argue that it was time-barred when he raised it on direct appeal and it was dismissed as unright. But to your first point, that's a real issue. He wouldn't have the right to counsel in that second case. That, however, was the situation in Ford where the court dismissed it as unright. That was the situation in Bennett, which was similar, where the court dismissed it as unright. And it may be the case in other situations where this court simply decides that despite that, if there's not a live dispute, this court doesn't decide the issue. So, I don't dispute that the defendant would be in a tougher position, but I don't think that that overcomes the rightness argument. So, how do you deal with United States v. Loy? I think that the- Did Congress intend that the appellate courts consider the legality of conditions of supervised release at the time of their imposition, as Loy suggests? I think that under this court's precedent, what that is talking about- So, yes, defendants can challenge their supervised release conditions. Do you contemplate of any situation in which we say that something is not right, and it later becomes right, but on the merits we affirm? Certainly. An example of- I mean, an actual case or an example of where that could happen. Yeah, just tease it out. Sure, I think that is in Ford. I mean, the court has never addressed the question of whether that polygraph condition was vague, because it said, as directed by the probation officer. We just don't know. If, in that case, the probation officer orders the defendant to undergo polygraph testing, that defendant can challenge it. It would be addressed by the district court. It would come up to this court, and we'd have a debate about whether that condition was, in fact, vague. But until we have that, we just don't know. It just seems to me that the logical thing is to treat these matters as properly before the court, at the time of their imposition, as Lloyd did, and then go to the merits and see, is it vague under any number of scenarios? And if you win on the merits, it seems to me that you win, whereas if we go the route you're suggesting, which is to say, well, it's not right, you're putting the situation into limbo for who knows how long, for how many defendants. Right. And I'm simply making that argument because I think that's what Ford says. But let me move on to the merits. This condition isn't vague for exactly the reason that you were speaking about before, which is this defendant doesn't have to wonder whether he's going to violate the condition. The condition provides unambiguous notice of what is a violation. And it's the probation officer tells you to do something, and you don't do it. Is it an improper delegation from the court to the probation officer? I don't think it is, and I have two responses to that. First of all, in Mike and Behr, this court said that certain things can be delegated. The entire system of supervised release system depends on a certain degree of delegation. And in Mike and Behr, this court said the difference between permissible and impermissible is whether it affects a significant liberty interest. It is certainly possible. I acknowledge that it could be possible for a notification to affect a significant liberty interest. Well, and this opens that possibility, doesn't it? It could affect future employers, notice to future employers, which we've said is a protected liberty interest. Familial relationships, right? So there is that risk here in this broad definition, lack of a definition. And two responses to that. First of all, no more of a problem in that way than there was in Hull. I think that the risks or the possibility of affecting a significant liberty interest. In fact, in that case, the specific example that the court found was helpful was the example of notifying an employer. Well, but the obvious answer to that is that in Hull, it was found permissible only because the district judge orally cabin the probation officer's discretion to say that it's risks identifiable based on the defendant's criminal history. Here, the district judge said, no, it's not just criminal history. It's not even anything that exists now. It may happen tomorrow. It may happen next year. It may happen in prison. It may be anything. So how, if you are the probation officer, based on the judge's explanation of the condition, so how would you determine which risks need to be identified to a third person? I've got a series of responses to that. First of all, the issues that the defendants complain about here about, well, the probation officer has to identify whether something presents a risk or not. Those kinds of things still matter, or those kinds of things are still in place when you have a risk related to the defendant's criminal history. You still have some degree of discretion to determine that. So you have that to some degree there. You also have, this court has repeatedly said that it will interpret supervised release conditions in a way that assumes that a probation officer will act reasonably. So using common sense, reasonableness, so what potential risks would need to be identified if you're the probation officer to a third person and which would not? Okay, and are we talking about the, this seems more like the vagueness question. I'm talking about, I'm really talking about the delegation issue. So if you're saying that the judge's cabinet discretion, as the district judge did in Hall, I'm saying based on this judge's expansive explanation of the risk condition, if you're the probation officer, can you give me an example of a potential risk to a third party that you would say really that does not need to be identified to a third party because the limit on the potential risks is X. Can you give me an example? An example of one that would be a risk? Would not need to be identified. Because basically Ms. Chen's argument is, and I think she may have a point, the judge said anything could be a risk. If somebody is falling asleep on work duty in a prison, well, if they're a security guard, that may be a risk. They may be, if they fall asleep, that has to be identified to a third party. Anything, a person's lazy, well, that may be a risk if he's a security guard. So what potential risks do not need to be identified if there really is cabinet discretion in this case? Well, I would suggest that the risks you're identifying are not risks that fall within the common sense interpretation of this term. So I think you've given some examples. I think that part of what this condition is doing is exactly, is allowing the probation officer to decide under the circumstances. And this feeds into the rightness question as well. Because these hypothetical applications that you're talking about, I would argue that these are not within the scope of what's intended here. Things about somebody being lazy, I don't think that that would qualify. If, in fact, this probation officer tried to apply the condition in that way, then I think that we're in a position where we have an as-applied challenge and we can take that up. I also think that here- Hold on one second on that point. If Judge Bachrach is right as to a risk that you would both agree constitutes a risk, and the risk notice is imposed, at that point the case can be heard, correct? Whether we consider it ripe or not ripe at this point, it definitely will be ripe at that point. Absolutely. And that's the distinction between what I'm saying. He doesn't have to violate the condition for it to be ripe. But there has to be an obligation. One other point I would like to make is that the court here- So in Olman and White, this court specifically relied on statements made by the district court at sentencing where it suggested that it would retain authority over the final decision. The court made those statements here. Perhaps not as clear or as strong as it did in White. But the court here said that if the defendant disputes a particular notification, he can come before the court and the court will intervene. So the court essentially expressed that willingness to be involved, putting both the defendant and probation officer on notice that the court was going to be the final say as to whether there was going to be a- He said that from the bench. He did. But the thing that I think you're glossing over is that what we're looking at is whether there was an improper delegation of the district court's Article III authority to punish the defendant. And if it's given to the probation officer so broadly that it's the probation officer who's actually setting the punishment, then we've got a constitutional violation, don't we? I agree, and that's why I'd step back to the point about the significance of the liberty interest being affected and the fact that there may be hypothetical scenarios where there is an impact on that liberty interest, but it's not going to be in all applications, and so we may not even get to the delegation question. If we do, I think the statements by the district court retaining ultimate authority solve that problem to the extent that this court's present. Well, that says you can punish me, but I can appeal it. Can I answer the question? Yes, please. It does, first of all, only if it's punishment. So only if there's a significant effect on the liberty interest, and I don't think it's an appeal. I think that it's the district court expressing the willingness up front to remain involved, but I understand the court's position. Thank you. Counsel, you have some remaining time. Your Honor, I just want to proceed directly to the ripeness question. I did review Ford, and unlike in Ford, this condition will apply when he is released. There's no third party like the O.P. I don't understand. So the probation officer will have an obligation to be constantly monitoring Mr. Cabral to see if he is posing a risk to anybody as soon as he is released, especially since this court seems particularly concerned about the delegation problem. The probation officer will be in a position of having to implement this vague and overly delegated condition upon their release. So this condition, there's no contingency like there was in Ford. And again, you know, this is a purely legal challenge to the facial validity of the condition. There's no need for further factual development. And we've been talking a lot about, well, what if, you know, this comes before the, he can just challenge it later. I want to emphasize that even if there's no dispute before the district court in the future, even if Mr. Cabral complies with what we contend to be an overbroad and unlawful condition, that doesn't mean he hasn't been harmed. That just may mean that he is having his fundamental rights be interfered with or he's been inhibited unlawfully from exercising his rights without any recourse to this court. And then, you know, just going to the merits question of what risk means here, again, I think even when we have this public safety lens, there's no common sense definition or consensus as to what kind of risk a person with a criminal history poses. I mean, this court is aware of that from the fact that frequently, you know. Well, let me get, let me posit some scenarios. What if he goes out and buys a gun? Sure. What if he goes out and says, I've been having these suicidal thoughts and I think I should kill my girlfriend and myself at the same time. What kinds of risks it seems to me are posed are significant matters of public concern. I just don't understand your argument. The fact that there are legitimate risks that he should be required to disclose doesn't cure the overbreadth problem in this case. Well, I think the overbreadth, well, my time is up. So go ahead and finish your answer. The fact that a version of this condition could properly be issued to require him to disclose risk doesn't change the fact that this condition, as it was imposed by the district court, is overbroad and delegates too much authority to the probation office. All right. Thank you, my time is up. Judge Becker. Thank you. No further questions? Thank you. Then the case is submitted. Counsel are excused. Thank you. Your arguments in the previous case are helpful. We appreciate them.